

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 10, 1957.

Honorable Justin A. Kever         Opinion No. WW-113
District Attorney
51st Judicial District            Re: Uniform Act to secure
San Angelo, Texas.                    attendance of witnesses
                                      from out-of-State.

Dear Mr. Kever:

You have requested an opinion concerning the provisions of Article 486a, Vernon's Code of Criminal Procedure relating to the payment of mileage and per diem for out-of-State witnesses summoned pursuant to its provisions. Your specific question is:

> "Please give us your opinion as to how and from what source the funds for mileage and per-diem so required to be advanced should be obtained."

In Attorney General's Opinion V-1391 (1952) it was held that the 52nd Legislature failed to appropriate any money for the payment of witness and mileage fees for out-of-State witnesses to be summoned under the provisions of Article 486a, Vernon's Code of Criminal procedure. The current appropriation (H.B. 140, Acts 54th Leg., R.S.1955, ch. 519, p. 1348 at p. 1360) is in language identical with the appropriation referred to in Attorney General's Opinion V-1391, /except the amounts appropriated vary7 in which it was held:

> "The sums so appropriated have been subject to disbursement in accordance with the provisions of Articles 475 to 481, inclusive, and Article 1036 of Vernon's Code of Criminal Procedure, and have been confined to witness fees and mileage claimed by witnesses subpoenaed within the State of Texas under the provisions of Article 1036, V.C.C.P. Att'y Gen. Op. No. 0-4251 (1942).

> "The general appropriations act was passed on May 10, 1951, was approved June 28, 1951,and became effective on September 1, 1951. House Bill 659 was passed by the House on May 8,1951,

and by the Senate on May 30, 1951.  It was approved by the Governor and became effective June 15, 1951.  Since House Bill 659 was passed subsequent to the general appropriation bill, it is evident that it was not the legislative intent to appropriate any of the funds contained in subsection 12, Section 1 of Article 1 of the appropriation bill for the purpose of paying the mileage and per diem of the out-of-State witnesses to be summoned under the provisions of House Bill 659.  Therefore, the Legislature did not appropriate nor is there available any money for the payment of such witness fees and mileage."

You are, therefore, advised that there are no available funds for mileage and per diem provided for in Article 486a, Vernon's Code of Criminal Procedure.

## SUMMARY

There is no available appropriation for the payment of mileage and per diem for out-of-State witnesses summoned pursuant to the provisions of Article 486a, Vernon's Code of Criminal Procedure.

Yours very truly,

WILL WILSON
Attorney General

JR:zt:rh

By John Reeves
John Reeves
Assistant

APPROVED:
OPINION COMMITTEE
J. C. Davis, Jr., Chairman
Wayland C. Rivers, Jr.
J. L. Smith

REVIEWED FOR ATTORNEY GENERAL
By:
    Geo. P. Blackburn